**JING LIANG DONG, Petitioner,**

v.

**John ASHCROFT, Respondent.**

**Docket No. 03–4721.**

United States Court of Appeals,
Second Circuit.

July 19, 2005.

Karen Jaffe, New York, N.Y. (on submission), for Petitioner.

Peter D. Blumberg, Assistant United States Attorney, for Kenneth L. Wainstein, United States Attorney for the District of Columbia (Madelyn E. Johnson, Assistant United States Attorney, on the brief), Washington, D.C., for Respondent.

PRESENT: MINER, CALABRESI, Circuit Judges, and AMON, District Judges.*

### SUMMARY ORDER

Jing Liang Dong ("Dong") petitions for review of a decision of the EOIR, denying his applications for asylum and withholding of removal relief. We assume that the parties are familiar with the facts of Dong's case, the procedural history, and the scope of the issues presented on appeal.

Dong is a native and citizen of the People's Republic of China. He entered the United States in April 1999, and was placed in removal proceedings. Dong conceded removability, but sought asylum and withholding of removal relief. A hearing on the merits of Dong's claims was held on April 17, 2000.

---

* The Honorable Carol Bagley Amon, United States District Court for the Eastern District of New York, sitting by designation.

At the hearing, Dong testified that his mother was forced to undergo a sterilization procedure when Dong was a child. Dong's father, who opposed the procedure, was also imprisoned for two months at that time.

Many years later, as part of a school assignment, Dong was asked to write a pro-birth-control-policy article. Dong—who opposed the policy because of his family's experiences—instead wrote an article criticizing the policy.

When Dong's teacher read the article Dong had submitted, he demanded that Dong amend the article. When Dong refused, Dong's teacher called school security. Dong was detained for two days, during which time he was beaten once by the school authorities. Dong eventually escaped, and managed to reach his uncle's house, which was located in a town several hours away.

During the following year, Dong lived with his uncle, and attended a private school. According to Dong, school officials continued to look for Dong throughout the year, periodically coming to Dong's parents' home to inquire about Dong's whereabouts. Dong, fearing the officials would eventually discover where he was living, left China, in order to seek asylum in the United States.

At the conclusion of the hearing, the Immigration Judge ("IJ") issued an oral decision rejecting Dong's claims. The IJ concluded: 1) that Dong's account of his experiences was not credible; and 2) that Dong's account, in any event, did not "reveal a level of mistreatment that can be characterized as past persecution ...". The IJ also found that Dong had not es-

tablished that his fear of future persecution was well-founded.

Dong appealed to the Board of Immigration Appeals ("BIA"), which on March 21, 2003, affirmed. The BIA did not adopt the IJ's adverse credibility finding, but did affirm the IJ's finding that Dong had not established either past persecution, or a well-founded fear of future persecution. The BIA indicated that—insofar as it affirmed the IJ's decision—it did so "based upon and for the reasons set forth therein."

Dong filed a timely petition for review with our court.

In his petition for review, Dong argues primarily that the BIA applied an erroneously stringent evidentiary standard to his claim of past persecution. In so doing, Dong appears to construe the BIA's decision, finding that he had not established past persecution, as having rested on his failure to meet certain evidentiary requirements. As noted, *supra*, however, it appears that the crux of the BIA's decision was Dong's failure to recount events which—even taken as true—rose to the level of "persecution."[1] The BIA did not, as Dong suggests, rely in any way on the IJ's credibility assessment in reaching this conclusion. As such, the majority of the arguments that Dong raises on appeal are inapposite.

Dong's argument that he was deprived of a presumption that he has a well-founded fear of future persecution misperceives the import of the BIA decision. An asylum applicant is only entitled to such a presumption where past persecution has been established. *See Guan Shan Liao v.*

---

1. We acknowledge, however, that the IJ and BIA decisions in this case are hardly a model of clarity. In the future, we urge the EOIR to set forth with greater precision the basis on which its decision rests. *Cf. Recinos De Leon*

*v. Gonzales*, 400 F.3d 1185, 1187 (9th Cir. 2005) (granting the petition for review, and remanding to the agency, on the grounds that the EOIR's reasoning was too unclear to allow for appellate review.).

*U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002) ("If the applicant meets the requirements of demonstrating past persecution ..., then a rebuttable presumption arises establishing that the applicant has a well-founded fear of persecution."). Dong has not provided any analysis of the facts or law upon which we might conclude that past persecution was established. We therefore are unable to rule on the propriety of the agency's ruling on this aspect of Dong's claims. *Cf. Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) (noting that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

We have considered all of Dong's arguments in favor of granting the petition, and find them to be without merit. Accordingly, the petition for review and motion for stay of deportation are DENIED.